# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2358

_____

David M. Deloria,                           *
                                            *
                 Appellant,                 *
                                            *   Appeal from the United States
         v.                                 *   District Court for the
                                            *   District of South Dakota.
Ed Lightenberg, Director of P.N.P.,         *
SDSP Bd of P.N.P.; Douglas Weber,           *   [UNPUBLISHED]
Warden SDSP; South Dakota Board             *
of Pardons and Paroles; Kay Nikolas,        *
Bd. Member; Patricia Meyers, Bd.            *
Member; Mr. Alders, Bd. Member;             *
James Smith, Bd. Member; Dave               *
Nelson, Bd. Member,                         *
                                            *
                 Appellees.                 *

_____

Submitted: November 1, 2010
Filed: November 4, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate David Deloria appeals the district court's[1] dismissal without prejudice of his 42 U.S.C. § 1983 complaint asserting that he was improperly denied parole and good time credits, in violation of his due process rights.

Upon careful de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (dismissal under 28 U.S.C. § 1915(e)(2)(B)); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (dismissal under 28 U.S.C. § 1915A), we conclude that Deloria failed to state a claim. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of state's custody); Figg v. Russell, 433 F.3d 593, 597-600 (8th Cir. 2006) (parole board members are absolutely immune from suit when considering and denying parole questions; extending absolute immunity to parole agent where his function was so associated with function of parole board that he was also cloaked in immunity); cf. Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 464 (8th Cir. 1992) (board of examiners itself was not "person" within meaning of § 1983). We also agree with the district court that, to the extent Deloria asserted an equal protection claim related to his ineligibility for good time credits, he failed to state a claim. Cf. Bergee v. S.D. Bd. of Pardons & Paroles, 608 N.W.2d 636, 644 (S.D. 2000) (inmates' equal protection rights not violated where prisoners sentenced prior to effective date of new parole statute are required to serve out sentences under old statute).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota.